# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:07CV125-MU-02

| | | |
|---|---|---|
| **CHARLES A. RIPPY, JR.** | ) | |
|     **Petitioner,** | ) | |
| | ) | |
|        **v.** | ) | **ORDER** |
| | ) | |
| **(FNU) ANDERSON, Supt.,** | ) | |
|   Pasquotank Correctional | ) | |
|   Institution, | ) | |
|     **Respondent.** | ) | |

**THIS MATTER** comes before the Court on the petitioner's Petition for a Writ of Habeas Corpus, filed November 19, 2007. For the reasons stated herein, the petitioner's Petition will be dismissed as untimely filed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the instant Petition, on or about November 11, 1992,[1] the petitioner pled guilty to one count of Rape in exchange for the State's dismissal of another count of Rape, two counts of "Mare Night Burglary"; two counts of Assault with a Deadly Weapon, Inflicting Serious Injury; and one count of Theft of an Automobile. On that occasion, the Superior Court of Catawba County

---

[1] The petitioner reports that his guilty plea and conviction both took place in November 1992. However, the petitioner also has submitted as attachments to his Petition copies of his Plea Transcript and his Judgment and Commitment form. When combined, those documents show that the subject offenses were committed on November 11, 1992, but the petitioner's guilty plea and conviction were entered on September 27, 1993.

sentenced the petitioner to a term of Life Imprisonment.

The petitioner did not appeal either his conviction or sentence. Rather, after waiting nearly a decade, on a date "somewhere between 2003-2004," the petitioner filed a Motion for Appropriate Relief in the Superior Court of Catawba County. However, that Motion was denied. According to the petitioner, "it really wasn't know [sic] Grounds of why [the Motion] was denied accept [sic] the basis of time limitation."

The petitioner further reports that on March 9, 2006, he appealed that denial to the Fourth Circuit Court of Appeals. Not surprisingly, however, the petitioner states that by a letter dated March 10, 2006, the Circuit Court informed him that it had received his paperwork; that it presumed that he had filed such paperwork as an attempt to pursue review under 28 U.S.C. §2254; and that such a petition should have, instead, been filed with the appropriate federal district court. Thus, the petitioner's papers were returned to him and no further action was taken by the Circuit Court

The petitioner also reports that at some point in 2006, he submitted an otherwise unspecified "petition" to the United States District Court for the Eastern District of North Carolina. Curiously, however, on May 3, 2006, that Court wrote a letter to the petitioner, acknowledging the petitioner's "letter," and advising that it had no matters pending for him.

In addition, the petitioner reports that at some point he

filed a Motion for Appropriate Relief in the Superior Court of Catawba County, presumably his second. On November 17, 2006, that Court denied the Motion as frivolous.

Undaunted, the petitioner now has come to this Court on the instant habeas Petition, seeking to challenge his 1993 conviction on the grounds that he was "mentally slow" at the time that he entered his guilty plea; and that his attorney "trick[ed him] into a plea." Notwithstanding his presumption to the contrary, however, the undersigned has determined that the instant Petition was filed well beyond the applicable limitations period. Therefore, this Petition must be summarily dismissed.

## II. ANALYSIS

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act, effectively amending 28 U.S.C. §2254 by adding the following language:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the

> right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

However, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, the Petition reflects that the petitioner sustained his conviction and sentence on September 27, 1993; and that he did <u>not</u> seek any direct review of those matters. Thus, based upon the relevant legal precedent, this Court must conclude that the petitioner's conviction and sentence became final on or about October 9, 1993--that is, at the expiration of the brief period during which the petitioner could have properly filed a direct appeal of those matters. <u>See</u> N.C.R.App.P. 4(a) (then providing a 10-day period for filing of a notice of appeal).

Furthermore, inasmuch as the petitioner's conviction and sentence became final prior to the 1996 enactment of the AEDPA, in the absence of any intervening circumstances, the petitioner had up to and including April 24, 1997 in which to file the instant <u>habeas</u> Petition. <u>Id</u>. at 328 (noting that for pre-AEDPA convictions, 1-year limitations period runs from AEDPA's effective date); <u>and</u> <u>Brown v. Angelone</u>, 150 F.3 370, 375 (4th Cir. 1998) (same).

Obviously, the petitioner did <u>not</u> file this Petition by such April 1997 date.

Instead, the petitioner allowed at least five years to elapse after the passage of that deadline before he initiated his unsuccessful collateral challenges in State court in "2003-2004." It goes without saying, however, that the petitioner's belated pursuit of collateral review is of little consequence here since his one-year limitations period already had expired several years before he even began that pursuit. Indeed, the petitioner's collateral motions simply came too late, and so this Court is not even obliged to acknowledge the petitioner's initiation of that review inasmuch as those motions were filed well beyond the 10-day period provided under North Carolina law. <u>See</u> N.C.G.S. 15A-1411 <u>et seq</u>.

Although the petitioner was made aware that his Petition likely would be construed as time-barred, he still failed to articulate any reason why it should be deemed timely filed.[2]

---

[2] In January 2002, the Fourth Circuit Court of Appeals decided the case of <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal <u>habeas</u> court, prior to trial, perceives a <u>pro-se</u> [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal <u>habeas</u> forms to comply with <u>Hill</u>. The new forms now include a section which directs the petitioner to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) [also set forth on the form] does not bar [such] motion." Accordingly, given the fact that the petitioner was prompted to address the timeliness of his Petition, no further warning is required for him.

Indeed, in response to the form-Petition's inquiry concerning the timeliness of this filing, the petitioner merely set forth a rambling 21-line paragraph which appears to both allege that an unidentified "US Attorney [and a] judge . . . ma[de] false statements . . . " concerning his competency to stand trial, and to explain the law governing statements made under oath. Clearly, however, such allegation falls far short of establishing the timeliness of this Petition.

Moreover, as to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is only allowed in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). Here, the petitioner does not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period, or that a gross injustice would result from such enforcement. Therefore, equitable tolling also is not available for the petitioner.

### III. CONCLUSION

The petitioner has failed to demonstrate that his habeas Petition was timely filed in this Court. Accordingly, such Petition must be dismissed.

## IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Petition for Writ of Habeas Corpus, filed November 19, 2007, is **DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: December 4, 2007

Graham C. Mullen
United States District Judge